UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KUANGHUEI LIANG, et al.,

    Plaintiffs,

v.

MICKEY ANDERSON,

    Defendant.

No. 2:21–cv–0594–JAM–KJN PS

ORDER & FINDINGS AND RECOMMENDATIONS

(ECF Nos. 1-4)

All three plaintiffs are representing themselves in this action and seek leave to proceed in forma pauperis ("IFP").[1] (ECF Nos. 2-4.) See 28 U.S.C. § 1915. Plaintiffs' affidavits in support of their IFP requests make the required financial showing. Accordingly, the court grants each plaintiff's IFP request.

The determination that a plaintiff may proceed IFP does not complete the required inquiry, however. Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

that fails to state a claim."). Further, federal courts have an independent duty to ensure that federal subject-matter jurisdiction exists. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

**Legal Standards**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, relief cannot be granted for a claim that lacks facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986).

In addition, the court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has jurisdiction over a civil action when (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed. See Haines v. Kerner, 404

U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984). Nevertheless, leave to amend need not be granted when further amendment would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Plaintiffs are a family of three who bring this complaint against their next-door neighbor, Mickey Anderson.[2] Plaintiffs describe a long history of abuse by Mr. Anderson, ranging from loud music and verbal harassment to assault and battery. (ECF No. 1 at 10-14, 21.) According to plaintiffs, the parties filed various Temporary Restraining Orders against each other in state court, and the police were summoned to their property on many occasions. (Id. at 11-13.) Attached to the complaint are court filings from a criminal case brought against Mr. Anderson in San Joaquin County state court, based on some of the same conduct alleged in the complaint. (Id. at 17-33.)

Plaintiffs assert that subject-matter jurisdiction lies in this court based on the existence of federal questions, see 28 U.S.C. § 1331. (Id. at 3-4.) The only statutes plaintiffs allege defendant violated, however, are provisions of the federal criminal code and the federal tax code. (Id. at 9.) For relief, plaintiffs request that the court "stay the civil procedure and start a criminal procedure against Mr. Anderson." (Id. at 15, 16.) They also seek an order requiring Mr. Anderson to "move out" and pay them nearly $10 million in damages. (Id. at 16.)

The complaint does not contain any viable causes of action over which this court would possess subject-matter jurisdiction. The only statutes identified by plaintiffs are clearly inapplicable to this case. (Id. at 9 (citing four sections of U.S. Code title 18 and one section of

---

[2] Plaintiffs filed several separate cases against Mr. Anderson in this court recently. The complaint in the first one asserted largely the same allegations that plaintiffs make here. Liang et al. v. Anderson et al., No. 2:20-cv-01990-JAM-DB (complaint filed Oct. 5, 2020). On March 29, 2021, the day before plaintiffs filed the present suit, the Magistrate Judge assigned to that case recommended denying plaintiffs' IFP request and dismissing the case for lack of jurisdiction and as barred by Rooker-Feldman and Younger abstention doctrine. (Id., ECF No. 3.)

3

title 26).) Plaintiffs, as private citizens, have no authority to bring claims under criminal statutes. See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes). And 26 U.S.C. § 6673(a)(1)—a portion of the internal revenue code which allows a tax court judge to impose penalties against a taxpayer who takes an unsupportable position in litigation—does not apply to plaintiffs' situation in the slightest. Accordingly, the complaint fails to state a claim upon which relief can be granted.

The complaint also cannot be construed to assert a valid cause of action that would give this court jurisdiction over plaintiffs' difficulties with Mr. Anderson. The only potential claims suggested by plaintiffs' allegations are state law personal injury claims, not claims based on federal law. For state law claims, federal courts only have subject-matter jurisdiction if the parties are completely "diverse" from each other and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1). Complete diversity requires that each plaintiff must be a citizen of a different state from the defendant(s). See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). However, here, this dispute is between two sets of neighbors, both of which reside in California. (ECF No. 1 at 7-8 (listing California addresses for all parties).)

Given that the court can see no way for plaintiffs to establish this court's subject-matter jurisdiction over the dispute alleged in this complaint, the undersigned recommends that this action be dismissed without leave to amend. See Cahill, 80 F.3d at 339.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that plaintiffs' requests to proceed in forma pauperis (ECF Nos. 2-4) are GRANTED.

**RECOMMENDATIONS**

In addition, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED without prejudice and without leave to amend; and

2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written

4

| | |
|---|---|
| 1 | objections with the court. Such a document should be captioned "Objections to Magistrate |
| 2 | Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections |
| 3 | within the specified time may waive the right to appeal the District Court's order. <u>Turner v.</u> |
| 4 | <u>Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. |
| 5 | 1991). |
| 6 | Dated: May 4, 2021 |

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lian.0595